IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRADFORD METCALF**,

        Petitioner,

v.

**STEVEN KALLIS, Warden,**

        Respondent.

Civil No.: 3:17-CV-121
(JUDGE GROH)

## AMENDED REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On October 6, 2017, the *pro se* Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction imposed in the United States District Court for the Western District of Michigan. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.  FACTS[1]

#### A.  Petitioner's Conviction in the Western District of Michigan

On April 9, 1998, a grand jury indicted Petitioner on various charges. ECF No. 12. A superseding indictment was returned on July 9, 1998, which charged Petitioner with conspiracy to possess machine guns to threaten to assault and murder federal

---

[1] All CM/ECF references in Facts Sections II.A. and II.B. refer to entries in the docket of Criminal Action No. 1:98-CR-00054, Western District of Michigan, Kalamazoo Division, unless otherwise noted. The information, taken from Petitioner's criminal docket in the United States District Court for the Western District of Michigan, is available on PACER.

employees, in violation of 18 U.S.C. § 371; threatening to assault a special agent for the Bureau of the ATF, in violation of 18 U.S.C. § 115(a)(1); two counts of unlawfully possessing a firearm silencer and a destructive device, in violation of 26 U.S.C. § 5861(d); four counts of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1); and carrying a semiautomatic assault weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 55, 472.

On January 27, 1999, Petitioner was convicted by a federal jury in the Western District of Michigan of: conspiracy to possess machine guns to threaten to assault and murder federal employees, in violation of 18 U.S.C. § 371; two counts of unlawfully possessing a firearm silencer and a destructive device, in violation of 26 U.S.C. § 5861(d); four counts of unlawful possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1); and carrying a semiautomatic assault weapon during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). ECF Nos. 55, 205, 472.

On May 26, 1999, Petitioner was sentenced to 480 months of imprisonment. ECF Nos. 231, 459. On June 2, 1999, Petitioner filed an appeal with United States Court of Appeals for the Sixth Circuit, claiming several grounds of judicial impropriety and the unconstitutionality of the statutes Petitioner was convicted of violating. ECF Nos. 232, 273. On June 28, 2000, the Sixth Circuit affirmed the District Court's decision. ECF No. 273.

### B. Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 and Other Motions for Relief

On July 2, 2001, Petitioner filed a § 2255 motion to vacate the sentence in the Western District of Michigan. ECF Nos. 280, 472. On January 22, 2002, Petitioner

amended his first motion to vacate. ECF No. 295. On June 19, 2002, the District Court denied the amended motion to vacate the sentence. ECF No. 313. On July 22, 2002, Petitioner filed a notice of appeal to the Sixth Circuit. ECF No. 318. On March 25, 2003, the Sixth Circuit affirmed the District Court's denial of Petitioner's amended first motion. ECF No. 330. Petitioner's writ of certiorari filed with the Supreme Court of the United States was denied on January 5, 2004, [ECF Nos. 344, 345] and his petition for rehearing was denied on March 5, 2004. ECF No. 348.

On April 13, 2005, Petitioner filed a "motion to take judicial notice" of Federal Rule of Evidence Rule 201 in the Western District of Michigan. ECF No. 403. On April 15, 2005, the District Court denied Petitioner's motion. ECF No. 405. On August 4, 2005, the District Court denied Petitioner's motion to reconsider filed July 20, 2005. ECF Nos. 412, 416. On August 22, 2005, Petitioner filed a notice of appeal on the motion for reconsideration. ECF No. 422.[2]

On December 27, 2005, Petitioner filed a "Motion for Recall of Mandate and Resentencing" pursuant to Fed. Rule of Civ. Pro. 60 (b)(4), citing to U.S. v. Booker, 160 L.Ed.2d 621 (2005). ECF No. 434. The District Court construed the motion as being "in the nature of a successive Section 2255 petition in that it seeks relief based upon [a] 'new rule of constitutional law' which [Petitioner] suggests should be applied to him retroactively." ECF No. 437. On January 12, 2006, the District Court entered an order which transferred that second motion to vacate, to the Sixth Circuit for review. Id.

---

[2] On December 14, 2006, the Sixth Circuit affirmed the District Court, and denied Petitioner's motion. On December 27, 2006, Petitioner filed a petition for a hearing en banc, which was denied by order entered April 17, 2007. On October 1, 2007, the Supreme Court denied the petition for writ of certiorari filed July 16, 2007. On December 10, 2007, the Supreme Court denied a petition for rehearing. ECF Nos. 48, 51, 55, 59, 60, 61, 62.

On April 24, 2006, the Sixth Circuit dismissed Petitioner's motion, for want of prosecution. ECF No. 454. A petition for a writ of certiorari filed in the United States Supreme Court was denied on October 2, 2006. ECF Nos. 457, 458.

On July 16, 2007, Petitioner filed another petition for a writ of certiorari in the Supreme Court. ECF No. 461. On October 1, 2007, the Supreme Court denied the petition for certiorari [ECF No. 462] and on December 10, 2007, denied a petition for rehearing. ECF No. 463.

On October 6, 2008, Petitioner filed a motion titled, "Motion for Justice," in the District Court, arguing that all federal firearm statutes were rendered unconstitutional in District of Columbia v. Heller, 128 S. Ct. 2783 (2008). ECF Nos. 464, 472. The Western District of Michigan transferred the motion to the Sixth Circuit for consideration as a second or successive § 2255 motion. ECF No. 471. On May 18, 2010, the Sixth Circuit denied Petitioner's motion[3] to file a second or successive § 2255 motion. ECF No. 472. The Supreme Court denied Petitioner's petition for a writ of certiorari on October 18, 2010, [ECF No. 474] and denied the petition for rehearing on January 10, 2011. ECF No. 475.

On June 27, 2016, Petitioner filed a fourth *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which relied upon Johnson v. United States, 135 S. Ct. 2251 (2015). W.D. Mich. 1:16-CV-00813, ECF No. 1. On June 29, 2016, the motion to vacate was transferred to the Sixth Circuit. W.D. Mich., 1:16-CV-00813, ECF No. 3. On October 31, 2016, the Sixth Circuit denied Petitioner's motion to file a second or successive § 2255 motion because "Johnson does not apply to Petitioner's

---

[3] The October 6, 2008 motion was the third motion filed by Petitioner as, or construed by the court as, a motion to vacate.

4

§ 924(c) conviction." W.D. Mich., 1:16-CV-00813, ECF No. 4 at 3.

### C. Petitioner's Prior Motion For Relief Under 28 U.S.C. § 2241[4]

On October 23, 2014, Petitioner filed a § 2241 motion in the United States District Court for the Southern District of West Virginia, seeking to vacate his sentence. ECF No. 1. He asserted judicial bias and that the statutes he was convicted of violating were unconstitutional. Id. On August 6, 2015, "Proposed Findings and Recommendations" were entered by the presiding U.S. Magistrate Judge. ECF No. 10. On August 25, 2015, the District Court adopted the "Proposed Findings and Recommendations" by memorandum opinion and order. ECF No. 12. On September 28, 2015, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. ECF No. 15. On February 26, 2016, the Fourth Circuit affirmed the District Court's decision, [ECF Nos. 20, 22] and on April 26, 2016, denied his petition for rehearing and rehearing en banc. ECF No. 23.

### D. Petitioner's Claims in the Instant § 2241 Petition[5]

In support of his § 2241 petition before this Court, Petitioner claims he is innocent because the charges are unconstitutional, under the United States Supreme Court decisions in United States v. Cruikshank, 92 U.S. 542 (1875); District of Columbia v. Heller, 128 S. Ct. 2783 (2008); and McDonald v. City of Chicago, 130 S. Ct. 3020 (2010). ECF No. 1-1 at 1 - 4. For relief, Petitioner requests: (1) the statutes he was

---

[4] All CM/ECF references in Facts Section II.C. refer to entries in the docket of Civil Action No. 1:14-CV-27185, Southern District of West Virginia, Bluefield Division, unless otherwise noted. The information taken from Petitioner's civil docket in the United States District Court for the Southern District of West Virginia is available on PACER.

[5] All CM/ECF references in Facts Section II.D. refer to entries in the docket of Civil Action No. 3:17-CV-00121, Northern District of West Virginia, Martinsburg Division, unless otherwise noted.

convicted of violating be declared unconstitutional; (2) the dismissal of the indictment; and (3) his immediate release from incarceration. Id. at 13.

### III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a cognizable claim for relief. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and must be filed in the district where the prisoner is incarcerated. Appropriate grounds to raise in a § 2241 motion include

"actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 1577673 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[6] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

## IV.     ANALYSIS

Petitioner asserts that the statutes he was convicted of violating are unconstitutional, and as a result, he is innocent of the charges. He seeks to have the statutes declared unconstitutional, his indictment dismissed, and his immediate release from prison. Clearly, his use of a § 2241 petition is inappropriate to challenge his conviction and his petition must be dismissed.

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Rather, Petitioner challenges his conviction and sentence, and seeks to have his conviction voided, and the case dismissed. However, such relief relates to the validity of Petitioner's conviction and sentence, and is only appropriately presented either on direct appeal, or in a proceeding under § 2255. Petitioner's claim is unrelated to the execution of his sentence, which subject us properly contested in a § 2241 proceeding.

The right to vacate a sentence or conviction is only available under § 2255. The petition filed herein under § 2241 contests his sentence in the Western District of

Michigan, and thus, is actually an attempt to obtain relief under § 2255, and should be treated as such.[7]

In applying the Jones test to invoke the savings clause under § 2255, even if Petitioner satisfied the first and the third elements, the crimes for which Petitioner was convicted remain criminal offenses and he cannot satisfy the second element. Specifically, the offenses Petitioner was convicted of violating that remain unlawful are: conspiracy to possess machine guns to threaten to assault and murder federal employees; unlawfully possessing a firearm silences and a destructive device; unlawful possession of a machine gun; and carrying a semiautomatic assault weapon during and in relation to a crime of violence. Consequently, because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy.

Therefore, because the savings clause is inapplicable, and Petitioner raises matters appropriate for relief on direct appeal or in a petition filed pursuant to § 2255, Petitioner's § 2241 petition must be dismissed.

---

[7] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here. Further, Petitioner would be required to pursue relief Pursuant to § 2255 in the court of conviction, in this case the Western District of Michigan. In fact, the Sixth Circuit denied Petitioner relief pursuant to § 2255, and on three separate occasions has denied Petitioner's motion to file second or successive § 2255 motions:

1. On March 25, 2003, when it affirmed the District Court's decision to deny the § 2255 motion. W.D. Mich., 1:98-CR-00054, ECF No. 330.
2. On April 24, 2006, when it dismissed Petitioner's motion to file a second or successive petition pursuant to 28 U.S.C. § 2244, for want of prosecution. W.D. Mich., 1:98-CR-00054, ECF No. 454.
3. On May 18, 2010, when it denied Petitioner's motion to file a second or successive § 2255 motion. W.D. Mich., 1:98-CR-00054, ECF No. 472.
4. On October 31, 2016, when it denied Petitioner's motion to file a second or successive § 2255 motion. W.D. Mich., 1:16-CV-00813, ECF No. 4 at 3.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** June 14, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE