**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**BRADFORD METCALF**,

      Petitioner,

**v.**
                                  **CIVIL ACTION NO.: 3:17-CV-121
(GROH)**

**S. KALLIS, Warden,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Amended Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 9. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on June 14, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

### I. Background

The Petitioner in this case was convicted by a federal jury in the Western District of Maryland of: (1) conspiracy to possess machine guns to threaten to assault and murder federal employees; (2) two counts of unlawfully possessing a firearm silencer and a destructive device; (3) four counts of unlawful possession of a machine gun; and (4) carrying a semiautomatic assault weapon during and in relation to a crime of violence. The Petitioner asserts that he is actually innocent because the charges are unconstitutional. In the instant petition, the Petitioner seeks to have the statutes

declared unconstitutional, have his indictment dismissed, and be immediately released from prison.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Petitioner filed a motion for extension of time to file his objections. ECF No. 14. The Court granted Petitioner's request for an extension, giving Petitioner until October 1, 2018 to file objections. ECF No. 15. Having timely filed objections [see ECF No. 18], the Court will conduct a *de novo* review of the portions of the R&R to which the Petitioner objects.

## III. Discussion

Magistrate Judge Trumble recommended that the petition be dismissed because Petitioner seeks relief relating to the validity of his conviction and sentence, which are matters properly considered on direct appeal or in a § 2255 motion. While § 2255 contains a savings clause, Magistrate Judge Trumble determined that the Petitioner is not entitled to its application. Specifically, Magistrate Judge Trumble provided that

Petitioner cannot satisfy the second element of the <u>Jones</u> test because the conduct of which Petitioner was convicted remains to be criminal. In his objections, Petitioner attempts to set forth case law to establish that his conviction is unconstitutional. This portion of Petitioner's objections fails to take into consideration that he still does not satisfy the second element of <u>Jones</u>. Petitioner also claims that there are other § 2241 cases which address the issues of actual innocence and miscarriage of justice. Furthermore, he asserts that establishing a claim of actual innocence is all he is required to do to bring his claim under § 2241. However, Petitioner's arguments do not change the test established in <u>Jones</u>.

The charges to which the Petitioner pleaded guilty remain unlawful. The Petitioner does not argue, nor could he, that there has been a change in law legalizing conspiracy to possess machine guns to threaten to assault and murder federal employees, unlawfully possessing a firearm silencer and a destructive device, unlawful possession of a machine gun, or carrying a semiautomatic assault weapon during and in relation to a crime of violence. As a result, the Petitioner cannot satisfy the second <u>Jones</u> requirement. <u>See</u> <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000). Therefore, as addressed in the R&R, the savings clause is inapplicable to the Petitioner's attack on his underlying conviction.

**IV. Conclusion**

In sum, the Petitioner does not meet the requirements for the savings clause codified in 28 U.S.C. § 2255(e) and the Petitioner's claims cannot be considered under § 2241. Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 9] is **ADOPTED** for the reasons more

fully stated therein.  The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and

**DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.  The

Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record

herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return

receipt requested.

**DATED**: October 3, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE